891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester CAMPBELL, Plaintiff-Appellant,
v.
Roy C. HAYES; Robert Hayes, U.S. Attorney; Keith Corbett,
Assistant U.S. Attorney; Kenneth Walton,
"F.B.I."; Patrick Bresnahan, "F.B.I.";
William Coonce, "D.E.A.",
Defendants-Appellees.
 No. 89-1558.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals the district court's judgment dismissing his Bivens-type action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Plaintiff has also filed a motion to vacate, reverse, and remand and requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 While a pretrial detainee on federal criminal charges, Chester Wheeler Campbell filed a complaint against various federal agents, attorneys and officials in which he alleged the deprivation of constitutional rights arising from the unlawful search of his home and automobile. He further alleged the search was retaliatory and motivated by prior contacts between Campbell and defendant Hayes. Campbell sought injunctive and monetary relief.
 
 
 3
 The district court sua sponte dismissed the matter with prejudice as frivolous under 28 U.S.C. § 1915(d). The court of appeals vacated the dismissal as improper because Campbell was not proceeding in forma pauperis under 28 U.S.C. § 1915. Campbell v. Hayes, No. 87-2004 (6th Cir. June 14, 1988). The matter was remanded to the district court.
 
 
 4
 Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Defendants asserted, among other grounds, that following a suppression hearing arising from the criminal charges, probable cause was found to exist to justify the issuance of the challenged search warrants.
 
 
 5
 The magistrate determined that the challenge to the validity of the search warrants was no longer justiciable and that Campbell's allegations were otherwise vague and conclusory. The magistrate recommended that defendants' motion should be granted and the complaint should be dismissed. Upon de novo review in light of Campbell's objections, the district court adopted the magistrate's recommendations and dismissed the complaint.
 
 
 6
 On appeal, Campbell asserts that the district court was biased against him and erred by refusing to review his complaint on the merits and that dismissal under Rule 12(b)(6) was foreclosed by the appellate court's order of remand.
 
 
 7
 Upon review, we conclude that the district court's judgment should be affirmed because no genuine issue of material fact exists and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 293 (6th Cir.1984). Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed as a grant of summary judgment where, as here, the district court considered matters outside the pleadings. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986).
 
 
 8
 Dismissal was proper because Campbell did not demonstrate the existence of a genuine issue of material fact. The only issue of material fact was whether probable cause existed to justify issuance of the warrants. If probable cause existed, there was no constitutional violation. See Criss v. City of Kent, 867 F.2d 259, 261-62 (6th Cir.1988). Moreover, where probable cause has been found to exist, defendants' motivations are irrelevant. 867 F.2d at 262.
 
 
 9
 The federal district court presiding over his criminal trial had found that probable cause existed; this decision collaterally estopped Campbell from raising the issue in his subsequent civil action. See Scherer v. Balkema, 840 F.2d 437, 442-43 (7th Cir.), cert. denied, 108 S.Ct. 2035 (1988).
 
 
 10
 Additionally, Campbell's assertions on appeal that the district court and the magistrate were biased against him lack merit.
 
 
 11
 Accordingly, the motion to vacate or remand is denied as such is not authorized under the Rules of the Sixth Circuit. The request for appointed counsel is denied and the district court's judgment of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.