IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1996 SESSION



FILED

October 17, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | No. 02-C-01-9510-CR-00291 |
| | ) | |
| v. | ) | Shelby County |
| | ) | |
| JIM R. HOLLINGSWORTH, | ) | W. Fred Axley, Judge |
| MICHAEL G. DONATO, | ) | |
| THOMAS G. HAMMOND, | ) | (Criminal Trespass) |
| and BETTY L. HAMMOND, | ) | |
| | ) | |
| APPELLANTS. | ) | |

FOR THE APPELLANTS:

Handel R. Durham, Jr.
200 Jefferson Avenue, Suite 750
Memphis, TN 38103-2335
(For Appellant Hollingsworth)

Stephen R. Leffler
50 North Front Street, Suite 1075
Memphis, TN 38103
(For Appellant Donato)

James V. Ball
217 Exchange Avenue
Memphis, TN 38105
(For Appellant Thomas G. Hammond)

Betty L. Hammond, pro se
P. O. Box 707
Senatobia, MS 38668

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

William David Bridgers
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti
District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

C. Alanda Horne
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

Judson W. Phillips
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____

AFFIRMED

JOE B. JONES, Presiding Judge

**O P I N I O N**

The appellants, Jim R. Hollingsworth, Michael G. Donato, Thomas G. Hammond, and Betty L. Hammond, were each found guilty of criminal trespass, a Class C misdemeanor, by a jury of their peers. The trial court sentenced each appellant to pay a fine of $50 and serve thirty (30) days in the Shelby County Workhouse. The appellants contend that the evidence is insufficient, as a matter of law, to support a finding by a rational trier of fact that they are guilty of criminal trespass beyond a reasonable doubt. After a thorough review of the record, the briefs of the parties, and the authorities that govern the issue, it is the opinion of this Court that the judgment of the trial court should be affirmed.

The Memphis Area Medical Center for Women (clinic) is located at 29 South Bellevue Boulevard in Memphis, Tennessee. The building that houses the clinic is situated on the northwest corner of Bellevue Boulevard and Monroe Avenue. The clinic offers medical services to women. However, it is known as an abortion clinic. A clinic employee described the business in the following manner: "It's an abortion clinic. It's also a well-women clinic."

A high, chain link fence surrounds the clinic. Razor wire is affixed to the top of the fence. There are three entrances that permit ingress and egress to the clinic parking facilities. The main entrance to the clinic's front parking lot is on Bellevue. A second entrance to the front parking lot is on Monroe. The parking lot in the back of the clinic is also accessed from Monroe. At the entrances, gates slide open behind the chain link fence on each side of the driveway. The fence and gates are located eighteen inches inside of the property lines. In other words, there is eighteen inches between the fencing and gates and the sidewalks on both sides of the building.

On Saturday, April 10, 1993, pro-life activists staged a protest at the clinic. Before the clinic opened, the appellants, who were part of the protest, chained themselves to the gate covering the Bellevue entrance to the clinic with heavy duty bicycle locks. Two men also used the locks to chain themselves together at the neck, and one of the men was chained to the gate.

The appellants were asked by a clinic employee to remove the locks and leave the

premises. They refused to either unlock the locks or leave the premises. The police were summoned. A police officer also asked the appellants to remove the locks and leave the premises. The officer advised the appellants that they would be arrested and transported to jail if they did not unchain themselves and leave. They ignored the officer's request.

The police summoned the Memphis Fire Department to cut the bicycle locks. When the firemen arrived, they attempted to cut the locks with the "jaws of life" tool, a device used to cut away metal and remove people trapped in a wrecked motor vehicle. The tool could not cut through the bicycle locks. Subsequently, the firemen cut the fence where the locks were attached. The appellants were removed from the premises, placed in a paddy wagon, and transported to jail. It cost the clinic $550 to repair the gate.[1]

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by

---

[1]The clinic employee testified that the repairs to the gate cost $550. A check introduced into evidence indicates the cost of repairs was $1,514.

the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

Before an accused can be convicted of criminal trespass, the State of Tennessee must prove beyond a reasonable doubt that (a) the accused entered or remained on the property, or a portion of the property, of another person, and (b) the accused did not have the owner's effective consent before entering the property. Tenn. Code Ann. § 39-14-405(a). The term "enter," as used in the statute, is defined as an "intrusion of the entire body." Tenn. Code Ann. § 39-14-405(c). The accused's knowledge that he or she did not have the "effective consent" to enter the property may be inferred from "(1) personal communication to the [accused] by the owner or by someone with apparent authority to act for the owner," and (2) "[f]encing or other enclosure obviously designed to exclude intruders." Tenn. Code Ann. § 39-14-405(a)(1) and (2). In this case, the State of Tennessee established each element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e).

The appellants entered the premises of the clinic. Each appellant had his or her torso within the area owned by the clinic. While the appellants' legs extended beyond the property line, their legs were within the driveway leading from the street to the clinic's parking lot. It is an elementary rule of law that the owner of property has an easement of access between the property and an abutting street. This Court holds that when a person's body is within the owner's easement, denying the owner ingress and egress, there has been an "intrusion of the entire body" within the meaning of the statute. Here, the appellants' entire bodies were blocking the driveway leading into the main parking lot. Neither the owners of the property nor the patients seeking assistance at the clinic could

3

enter or leave the premises through the main entrance to the front parking lot.

The evidence makes it clear that the appellants did not have the "effective consent" to "enter" the property of the clinic. First, the fence and gates topped with razor wire made it clear the owners did not want the appellants to "enter" the premises. Second, an employee of the clinic told the appellants to leave. Also, a police officer, who had been summoned by an owner of the clinic, instructed the appellants to leave. They refused to leave.

In summary, the evidence contained in the record is sufficient to support a finding by a rational trier of fact that the appellants were guilty of criminal trespass beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
WILLIAM M. BARKER, JUDGE

4