**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert C. THOMPSON, Defendant–**
**Appellant.**

No. 00–5208.

United States Court of Appeals,
Sixth Circuit.

July 10, 2001.

Before RYAN and BATCHELDER, Circuit Judges; and MATIA *, Chief District Judge.

PER CURIAM.

Defendant-appellant, Albert C. Thompson, appeals his conviction entered after he pleaded guilty to possession with intent to distribute cocaine base (crack) within one hundred feet of a youth center, in violation of 21 U.S.C. § 841(a)(1) and 860. We are asked to determine whether the district court erred in denying defendant-appellant's motions to suppress. For the reasons that follow, the conviction is affirmed.

## I.

Defendant Albert C. Thompson was placed on a "no trespass" list by authorities of the Knoxville, Tennessee Community Development Corporation ("KCDC"). The "no trespass" list is a record of the persons who have been warned that they may not come onto KCDC property and that they will be subject to arrest for criminal trespassing if they are found on KCDC property thereafter. A copy of the list is provided to the Knoxville Police Department. By being placed on the "no trespass" list, Thompson was barred from being on the low-income housing development properties operated by KCDC. Thompson knew he was on the list. Thereafter, Thompson was arrested approximately twenty times for criminal trespass when he entered KCDC properties, including a prior arrest by Officer Weller of the Knoxville Police Department.[1]

* The Honorable Paul R. Matia, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

1. Prior to the arrest at issue in the case at bar, Thompson filed a civil suit in the United States District Court for the Eastern District of Tennessee claiming that the "no trespass" policy violated his First, Fourth and Fourteenth Amendment rights. The civil suit was dismissed by the district court on the defendants' motions for summary judgment. Because a panel of this court concluded that Thompson had not demonstrated any violation of his constitutional rights, that decision

The Boys and Girls Club of Greater Knoxville leases a building from KCDC within Montgomery Village, a low-income housing development operated by KCDC. KCDC's rules and regulations include the "no trespass" list. The Lease provides in pertinent part:

The Premises shall not be used for any illegal purposes; ... nor in violation of Landlord's *reasonable standard rules and regulations* as such may exist from time to time.... The Tenant's right to use the Premises is subject to the Landlord's right to control and manage the building or project in which the Premises are located. *Landlord shall be entitled to enforce all reasonable rules and regulations adopted by it* in connection with the building or project in which the Premises are located. (Emphasis added.)

J.A. at 45. The Boys and Girls Club operates a youth center in the building that is completely surrounded by the KCDC housing development property. The only way to reach the Boys and Girls Club is to travel across KCDC property. Membership in the Boys and Girls Club is open to boys and girls aged between five and 18.

On March 11, 1998, Officer Weller observed Thompson (who at the time was almost 27 years old) inside the Boys and Girls Club. There is no evidence in the record that Thompson was at the Boys and Girls Club by invitation. Officer Weller arrested Thompson for criminal trespass, a misdemeanor under Tennessee law (Tenn. Code Ann. § 39-14-405). Officer Weller, prior to arrest, knew Thompson on sight and that Thompson was on the "no trespass" list. Upon performing a pat-down search, the officer discovered Thompson was in possession of approximately 6.7 grams of cocaine base (crack), a Schedule II controlled substance. Thompson also made incriminating statements at that time.

On March 17, 1998, a federal grand jury in the United States District Court for the Eastern District of Tennessee at Knoxville, returned a one-count indictment against Thompson, charging a violation of 21 U.S.C. § 841(a)(1) and 860, possession with intent to distribute cocaine base (crack) within one hundred feet of a youth center, *i.e.,* the Boys and Girls Club of Greater Knoxville.

On September 11, 1998, Thompson filed motions seeking to suppress the cocaine seized in the warrantless search as well as the statements made after his arrest. Thompson argued that his arrest for criminal trespass was unlawful and the cocaine and incriminating statements obtained incident to his arrest should be suppressed.

The motions were referred to a magistrate judge, who filed a report recommending that the motions to suppress be denied because, based on the undisputed facts, Thompson's arrest was lawful. Thompson conceded below that if his arrest did not violate his Fourth Amendment rights, then the motion to suppress the statement would be moot. *See* J.A. at 240. After reviewing Thompson's objections, the district judge adopted the Report and Recommendation and denied the motions to suppress. Thompson subsequently filed a petition for reconsideration which the district court also denied. Thompson then entered into a plea agreement that allowed him to appeal from the district court decision on the suppression issues. On January 28, 2000, Thompson was sentenced to a 120-month prison term. Thompson's timely appeal followed.

## II.

In his first assignment of error, Thompson contends that the district court erred

was affirmed by the Sixth Circuit in *Thompson v. Ashe,* 250 F.3d 399 (6th Cir.2001).

in holding that his arrest and the subsequent search of his person incident to that arrest by a state officer under the color of a purely state statute was appropriate. Thompson argues that the district court was incorrect in applying the limited consideration of whether probable cause to arrest existed without considering the validity of his arrest under the appropriate state statutes.

In the alternative, Thompson maintains that the factual circumstances in the instant appeal will not support the validity of Thompson's arrest because probable cause to support the arrest simply does not exist. Thompson asserts that if he was not committing the offense of criminal trespass at the time of the police officer's approach (because of his status as an authorized guest of the Boys and Girls Club), then according to an elementary rule of law, the owner of the property (and the Boys and Girls Club is an owner by definition of Tennessee property law and the criminal trespass statute) has an easement of access between the property and an abutting street.

■ This circuit has made it clear that federal law, not state law, is applied to situations like the present one. *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir.), *cert. denied*, 512 U.S. 1243, 114 S.Ct. 2759, 129 L.Ed.2d 874 (1994). We review Officer Weller's warrantless arrest of Thompson under the standards of the Fourth Amendment to the United States Constitution, *i.e.*, was the arrest supported by probable cause to believe that the defendant had committed a state offense. That analysis is a matter of federal, not state, law. *See United States v. Chapel*, 111 F.3d 132, 1997 WL 178878, at 2 (6th Cir. April 11, 1997) (unpublished).

■ When reviewing the denial of a motion to suppress evidence, the appellate court must consider the evidence in the light most favorable to the government.

*United States v. Erwin*, 155 F.3d 818, 822 (6th Cir.1998), *cert. denied*, 525 U.S. 1123, 119 S.Ct. 906, 142 L.Ed.2d 904 (1999). This Court applies the clearly erroneous standard to findings of fact when reviewing the ruling of a district court on a motion to suppress, but reviews conclusions of law *de novo*. *See Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Hill*, 142 F.3d 305, 310 (6th Cir.), *cert. denied*, 525 U.S. 898, 119 S.Ct. 225, 142 L.Ed.2d 185 (1998).

■ The district court found that "the constitutionality of the 'no-trespass list' is irrelevant to the only issue before this court; that is, whether the defendant was arrested in violation of the Fourth Amendment." J.A. at 275. We agree with the district court. It is fundamental that an "arrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law." *United States v. Strickland*, 144 F.3d 412, 415 (6th Cir. 1998) (quoting *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir.1988)). " 'Probable cause' denotes 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " *Painter v. Robertson*, 185 F.3d 557, 569 (6th Cir.1999)(quoting *Criss*, 867 F.2d at 262). "[P]robable cause determinations involve an examination of all facts and circumstances *within an officer's knowledge at the time of an arrest.*" *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999) (citing *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925)) (emphasis in original).

Applying a practical, commonsense and nontechnical standard reveals that probable cause was present in the case at bar. The moment that Officer Weller observed Thompson inside the Boys and Girls Club he had probable cause to believe that both essential elements of criminal trespass were met: (1) that Thompson knowingly entered or remained on property or a portion thereof belonging to someone else; and (2) that Thompson did not have the owner's effective consent to enter or remain. *See State v. Hollingsworth,* 944 S.W.2d 625, 628 (Tenn.Crim.App.1996). We hold that Officer Weller had probable cause to believe that Thompson had earlier committed the offense of criminal trespass by traveling across KCDC property, that Thompson was lawfully arrested, and that the search incident thereto was lawful.

The government contends that "[s]ince Thompson has not even challenged the constitutionality of the 'no trespass' list in this appeal, the argument has been waived." Appellee's Brief at 27. Assuming, *arguendo,* that Thompson has adequately challenged the constitutionality of the "no trespass" list in the instant appeal, we conclude that the district court was correct in its holding that application of the exclusionary rule would be inappropriate based on application of the good faith doctrine. *Michigan v. DeFillippo,* 443 U.S. 31, 36–40, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); *see also, Illinois v. Krull,* 480 U.S. 340, 359–60, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987) (the good faith exception to the exclusionary rule should be applied where a police officer relies on a state statute authorizing warrantless administrative searches).

### III.

█ In his second assignment of error, Thompson contends that the district court erred in failing to conduct an evidentiary hearing when critical facts affecting the lawfulness of his arrest and the existence of probable cause were in dispute. Thompson contends that the report of the magistrate judge does not, and cannot, address what information Officer Weller actually relied upon or unreasonably failed to obtain. Further, the factual determination that Thompson was not authorized to be on the property of the Boys and Girls Club should only have been made after conducting an evidentiary hearing.

█ A district court's decision whether to hold an evidentiary hearing on a motion to suppress is reviewed for an abuse of discretion. *See United States v. Downs,* 173 F.3d 430, 1999 WL 130786, at 3 (6th Cir. Jan.19, 1999) (unpublished) (citing *United States v. Lewis,* 40 F.3d 1325, 1332 (1st Cir.1994); *United States v. Woods,* 995 F.2d 713, 716 (7th Cir.1993), *overruled on other grounds, Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)). A district court is required to hold an evidentiary hearing when the defendant has set forth contested issues of fact that bear upon the legality of the search. *See United States v. Black,* 181 F.3d 104, 1999 WL 357759, at 3 (6th Cir. May 11, 1999) (unpublished) (citing *United States v. Mejia,* 69 F.3d 309, 318 (9th Cir.1995)). In all events, however, a district court can forgo conducting an evidentiary hearing if sufficient content remains to support a finding of probable cause after the contested items are set aside. *Black,* 1999 WL 357759, at 3. We conclude that the district court did not err in forgoing an evidentiary hearing because probable cause did exist when the disputed items were removed from consideration.

We agree with the government that the district court did not find that Thompson was not authorized to be on the property of the Boys and Girls Club. The district court stated the following with respect to Thompson's proffer:

> [T]he defendant objects to the court's finding that the defendant was not "au-

thorized" to be at the Boys and Girls Club located within the boundaries of KCDC property. *The court made no such finding.* In fact, the defendant is the party who continues to argue that he was "authorized" to be at the Boys and Girls Club. This is an issue of fact which the court did not need to resolve because it was undisputed that the only way that the defendant could get to the Boys and Girls Club was to trespass on KCDC property. It is also irrelevant that there was a manager on duty at the Boys and Girls Club while the defendant was there, and that the defendant may have been there for several hours prior to his arrest. (Emphasis added.)

J.A. at 284. *See also* J.A. at 274.

Further, as stated above, "probable cause determinations involve an examination of all facts and circumstances *within an officer's knowledge at the time of an arrest.*" *Dietrich,* 167 F.3d at 1012. What Officer Weller "unreasonably failed to obtain" before arresting Thompson is not germane to whether probable cause was present in the case at bar. Therefore, conducting an evidentiary hearing to elicit information about what Officer Weller did not know is unnecessary.

## IV.

The district court did not abuse its discretion in refusing to hold an evidentiary hearing on Thompson's motions to suppress, nor did it err in denying the motions. For the foregoing reasons, we AFFIRM the district court's judgment in all respects.