Malcolm P. DEAN, et al.,
Plaintiffs–Appellants,

v.

Ned McWHERTER, et al.,
Defendants–Appellees.

No. 94–6246.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 10, 1995.

Decided Nov. 20, 1995.

Susan L. Kay (argued and briefed), Vanderbilt School of Law, Vanderbilt Legal Clinic, Nashville, TN, for Plaintiff–Appellant.

Mark A. Hudson, Asst. Atty. Gen. (argued and briefed), Office of the Attorney General, Civil Rights and Claims Division, Nashville, TN, for Defendant–Appellee.

Before: KENNEDY and MOORE, Circuit Judges; JOHNSTONE, District Judge.[*]

KENNEDY, Circuit Judge.

Plaintiffs appeal a grant of summary judgment dismissing their claim that a Tennessee law labeling sex offenders "a species of mentally ill persons in the eyes of the general assembly" violates the Fourteenth Amendment by depriving them of liberty without due process of law. For the following reasons we AFFIRM.

## I.

This case is a consolidated class action arising under 42 U.S.C. § 1983. Plaintiffs are a class of convicted sex offenders in the custody of the Tennessee Department of Corrections. They are suing various state officials for declaratory, injunctive, and monetary relief claiming, among other things, that Tennessee Code Annotated § 33–6–302 violates the Fourteenth Amendment of the United States Constitution.

The statute at issue states:

**Offenders as mentally ill persons.**—Sex offenders constitute a species of mentally ill persons in the eyes of the general assembly, and where this tendency is pronounced, they should have the same care and custody as mentally ill persons generally, and such persons should be given continued care and treatment so long as their release would constitute a threat to them or to the general public.

As the District Court noted, the statute clearly labels convicted sex offenders "a species of mentally ill persons." However, it does not mandate involuntary treatment or special conditions of confinement. The statute only classifies sex offenders as mentally ill and recommends appropriate treatment where this mental illness is pronounced.

Below, the parties filed opposing motions for summary judgment, which were referred to a magistrate judge. The magistrate judge's Report and Recommendation concluded that § 33–6–302 was unconstitutional on its face because it stigmatized sex offenders by labeling them mentally ill without first providing some degree of procedural due process. The District Court rejected the Report and Recommendation in full, denied the plaintiffs' motion for partial summary judgment, and granted defendants' motion for summary judgment on the issue of whether § 33–6–302 is constitutional on its face. The District Court reasoned that the stigmatizing effects that may result from the statute are insufficient to give rise to a liberty interest deserving of due process and that the presumption embodied in the statute is constitutional because it does not trigger adverse state action.

## II.

The sole issue on appeal is whether § 33–6–302 violates the Fourteenth Amendment's Due Process Clause.

Plaintiffs argue that the statute 1) deprives them of liberty interests by stigmatizing their reputations and diminishing their employment opportunities, and 2) creates an unconstitutional irrebuttable presumption by labeling plaintiffs "mentally ill" without providing them an opportunity to present evidence regarding their mental health.

■ In response, defendants argue that 1) the statute is a statement of the rationale of the general assembly in providing for the needs of sex offenders and is not an assertion that all sex offenders are, in fact, mentally ill,[1] and 2) there is no due process violation

---

[*] The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation.

1. Legislative findings are still subject to judicial review. *See City of Richmond v. J.A. Croson Co.,* 488 U.S. 469, 500, 109 S.Ct. 706, 725, 102 L.Ed.2d 854 (1989).

because the statute does not deprive sex offenders of a life, liberty, or property interest.

■ As plaintiffs bring a facial challenge to the statute, it must be rejected unless there exists no set of circumstances in which the statute can constitutionally be applied. *See United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987).

## III.

The Fourteenth Amendment prohibits a state from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Thus, if the plaintiffs have a liberty interest in not being labeled "a species of mentally ill persons in the eyes of the general assembly," the Tennessee statute violates the Constitution because it affords no due process prior to so labeling the plaintiffs.

## A.

Plaintiffs assert two liberty interests: stigma to their reputations and diminution of employment opportunities. Under the circumstances of this case, neither of these interests are sufficient to trigger due process.

■ Plaintiffs rely on *Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980), for the assertion that a convicted sex offender may not be classified as mentally ill without the protections afforded by due process. In *Vitek,* the Supreme Court upheld a procedural due process challenge to a Nebraska law authorizing the transfer of prisoners "suffer[ing] from a mental disease or defect" from a state prison to a mental hospital for mandatory treatment. *Id.* at 483–84, 100 S.Ct. at 1258–59. The Court in *Vitek* held that "the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment, coupled with the subjection of the prisoner to mandatory behavior modification as a treatment for mental illness, constitute the kind of deprivations of

liberty that requires procedural protections." *Id.* at 494, 100 S.Ct. at 1264. Plaintiffs' reliance on *Vitek* is misplaced. The liberty interest identified by the Court in *Vitek* arose not only from being classified as mentally ill, but from the involuntary transfer to a mental hospital and mandatory behavior modification. No analogous circumstances exist in this case. Plaintiffs' claim here is that convicted sex offenders have a liberty interest solely in being free of the label "mentally ill."

Assuming, arguendo, that the label in § 33–6–302 does stigmatize plaintiffs' reputations,[2] we hold that this alone is insufficient to give rise to a liberty interest. In *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976), the Supreme Court stated:

> While we have in a number of our prior cases pointed out the frequently drastic effect of the "stigma" which may result from defamation by the government in a variety of contexts, this line of cases does not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either "liberty" or "property" by itself sufficient to invoke the procedural protection of the Due Process Clause.

Thus, the stigma alleged by plaintiffs does not, without more, impute a liberty interest sufficient to trigger due process protections. *See also Mertik v. Blalock,* 983 F.2d 1353, 1362 (6th Cir.1993) (stating "[i]njury to reputation, standing alone, is not a liberty interest protected by the Fourteenth Amendment").

■ Plaintiffs also claim that the statute deprives them of liberty by diminishing their available employment opportunities. Freedom to pursue gainful employment is clearly a liberty interest deserving of due process protections. *See Board of Regents v. Roth,* 408 U.S. 564, 573–74, 92 S.Ct. 2701, 2707–08, 33 L.Ed.2d 548 (1972). However, plaintiffs have not demonstrated that the statute adversely impacts this established interest.

---

**2.** Plaintiffs have presented no evidence that their reputations have, in fact, been stigmatized or

that any stigma is a result of the statute and not the sex offense convictions themselves.

The statute does not itself place any limitations on plaintiffs' employment opportunities. Plaintiffs claim that the statute's label of mental illness diminishes their future employment prospects. They cite as evidence the fact that federal regulations may prohibit hiring individuals with mental illnesses or conditions. *See, e.g.*, 32 C.F.R. Pt. 154, App. H (1995) (listing mental illness as a disqualifying factor in employment involving sensitive duties).

Plaintiffs' argument is unpersuasive. Under federal regulations, a prospective employee's mental illness only disqualifies a candidate if "in the opinion of competent medical authority" it may cause a "significant defect in judgment or reliability." *Id.*; 10 C.F.R. § 10.11 (1994). Thus, the declaration of the Tennessee general assembly, expressed in § 33–6–302, would not itself bar a member of the plaintiff class from being hired under these guidelines. Finally, plaintiffs have proffered no other evidence that the statute's label of "mentally ill in the eyes of the general assembly" diminishes employment opportunities in other contexts.

In sum, plaintiffs' future employment opportunities depend on independent, medical mental health evaluations and on the willingness of employers to hire convicted sex offenders, not on the provisions of § 33–6–302. Accordingly, they have failed to demonstrate how the statute deprives them of an identified liberty interest.

### B.

Plaintiffs also claim that § 33–6–302 is unconstitutional because it establishes an irrebuttable presumption that all convicted sex offenders are mentally ill. Plaintiffs argue that this violates due process because convicted sex offenders who are not mentally ill have no opportunity to rebut the statutory label of mental illness.

Statutes creating permanent irrebuttable presumptions are not *per se* violative of due process. *Malis v. Hills*, 588 F.2d 545, 549 (6th Cir.1978); *see Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Indeed, the irrebuttable presumption in § 33–6–302 can only violate due process if it operates to deprive convicted sex offenders of a protected interest.

For the reasons discussed above, the stigma, if any, resulting from the statutory presumption is insufficient to implicate a protected liberty interest of the plaintiff class. Further, plaintiffs can identify no adverse state action that flows from being classified by the irrebuttable presumption embodied in § 33–6–302. The statute neither mandates any type of involuntary treatment nor requires that sex offenders be transferred to a separate correctional facility for special treatment. Accordingly, there is no due process violation.

### IV.

For the foregoing reasons, the decision of the District Court is AFFIRMED.