Benny P. WALKER; Wanda M. Walker, Plaintiffs–Appellants,

Michael J. Pravetz, M.D., Plaintiff,

v.

Douglas D. WILSON; C. William Schmitt, Defendants–Appellees.

Judy Gauze Reed; Gregory A. Kiser; Joel L. Carter; Community Health Systems, Inc; Horizon Mental Health; Michael J. Carhart; John Blanton: Edward D. Crews: Hospital of Louisa, Defendants.

No. 01–6455.

United States Court of Appeals, Sixth Circuit.

May 7, 2003.

Before: NELSON and COLE, Circuit Judges; and ROSEN, District Judge.*

*ORDER*

Benny P. Walker and Wanda M. Walker, former Kentucky residents, appeal pro se a district court order dismissing their civil rights and state tort action against two defendants. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiffs, a retired F.B.I. agent, his wife, and their psychiatrist, filed this action against a number of defendants alleging violations of their Fourteenth Amendment rights and asserting state tort claims of invasion of privacy and defamation. The psychiatrist eventually dismissed all of his claims voluntarily. The defendants involved in this appeal are the Director of the Kentucky Board of Medical Licensure (KBML) and an investigator for that agency. The complaint alleged that, in the course of investigating the psychiatrist, the investigator falsely reported to the F.B.I. that agent Walker was trafficking in controlled substances, was addicted to drugs, and was engaged in a homosexual relationship with the psychiatrist. Mrs. Walker was also alleged to be addicted to drugs. As a result. Walker was required to undergo a fitness-for-duty examination. He was cleared to return to duty, but was laterally transferred and ultimately took early retirement.

The KBML director and the investigator filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), raising the defense of qualified immunity. Plaintiffs filed a response with supporting affi-

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

davits and documents. The district court granted the motion to dismiss, finding that plaintiffs had failed to state a claim of a violation of a clearly established constitutional right. The court did not exercise supplemental jurisdiction over the state law claims. The claims against the remaining defendants were stayed pending the outcome of state proceedings involving the psychiatrist's medical license. Final judgment was entered eventually on all of the remaining claims, and the Walkers appealed the dismissal of the two KBML defendants. In their brief, the Walkers argue that the district court erroneously converted defendants' motion to dismiss into a motion for summary judgment without notice to them; that more discovery was required before summary judgment could be entered; that defendants were not entitled to qualified immunity; and that the district court erred in staying the claims against the other defendants pending the outcome of the state court proceedings.

Upon consideration, we conclude that dismissal of the complaint against these defendants for failure to state a claim was proper because, accepting all of the Walkers' factual allegations as true, it is apparent that they could prove no facts that would entitle them to relief. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). The Walkers' argument that the district court erroneously converted defendants' motion to dismiss into a motion for summary judgment without notice to them is not persuasive. While the district court inexplicitly included language in its opinion regarding the summary judgment standard, the court clearly stated that it was granting defendants' motion to dismiss for failure to state a claim. Although both the motion and plaintiffs' response had attached affidavits and documents, nothing in these documents was relevant to the question of law presented

by the qualified immunity defense. See *Dickerson v. McClellan,* 101 F.3d 1151, 1157 (6th Cir.1996). Moreover, even if the district court had treated the motion as one for summary judgment, the Walkers, having submitted their own affidavits in response, would not have been prejudiced. *Emmons v. McLaughlin,* 874 F.2d 351, 356 (6th Cir.1989). The district court did not abuse its discretion in ruling without the benefit of further discovery, because only an issue of law was involved. *Criss v. City of Kent,* 867 F.2d 259, 261 (6th Cir. 1988). Normally, at least, no discovery is necessary when a defense of qualified immunity is presented. *Siegert v. Gilley,* 500 U.S. 226, 231–33, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

The Walkers' main argument on appeal—that defendants were not entitled to qualified immunity—is also without merit. Defendants could be denied qualified immunity only if they violated a clearly established constitutional right in such a manner that they must have understood that they were violating that right. *Stack v. Killian,* 96 F.3d 159, 161 (6th Cir.1996). In this case the Walkers cited no clearly established constitutional right in their complaint. They relied only on the Due Process Clause of the Fourteenth Amendment, and the Due Process Clause is not meant to supplant traditional state tort law. *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 128, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). It is clearly established that the rights the Walkers referred to in their complaint are not constitutional. The Supreme Court has concluded that defamation is not a constitutional tort. *Siegert,* 500 U.S. at 233, 111 S.Ct. 1789. This circuit has likewise concluded that injury to reputation does not violate a protected liberty interest, *Dean v. McWherter,* 70 F.3d 43, 45 (6th Cir.1995), and that disclosure of medical records does not vio-

late constitutional rights. *Jarvis v. Wellman,* 52 F.3d 125, 126 (6th Cir.1995). Even an allegation of diminished employment opportunities resulting from harm to reputation is insufficient to state a due process claim. *Vander Zee v. Reno,* 73 F.3d 1365, 1369–70 (5th Cir.1996). Therefore, the district court did not err in concluding that defendants were entitled to dismissal on the ground of qualified immunity.

The Walkers argue on appeal that they asserted claims of violations of their clearly established First and Fourth Amendment rights. However, review of the complaint reveals no reference to these claims, and no motion to amend the complaint to allege such claims was filed below. The Walkers first referenced such claims in a motion for reconsideration that was denied. This appeal addresses only the case presented to the district court, not a better case fashioned after judgment was entered below. *White v. Anchor Motor Freight, Inc.,* 899 F.2d 555, 559 (6th Cir.1990).

In addition, the Walkers failed to state a claim against the Director of the KBML because they relied only on the doctrine of respondeat superior, which is not a basis for liability under § 1983. *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir.1989). The complaint failed to allege any action by this defendant that would render him liable.

The Walkers' final argument, that the district court erred in staying the claims against the remaining defendants pending state court proceedings, is unclear. The Walkers do not say how they were prejudiced by the stay, pointing out only that they were not parties to the state court proceedings. All of the claims were eventually ruled on, and the Walkers did not appeal from the final judgment on the other claims. Therefore, no basis for this argument is apparent.

For all of the above reasons, the dismissal of the complaint with respect to the KBML defendants for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.