Lawyer v. Cota

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of April, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*,
             ERIC N. VITALIANO,[1]
                     *District Judge*.

_____

RYAN LAWYER,

                     *Plaintiff-Appellant*,

             v.                                          18-1136-cv

DREW COTA, in his individual capacity as a Trooper for the Vermont State Police, BEN PATNODE, in his individual capacity as a Trooper for the Vermont State Police, DEREK ROLANDINI, in his individual capacity as a Trooper for the Vermont State Police,

                     *Defendants-Appellees*.[2]

_____

Appearing for Appellant:     Paul S. Volk, Blodgett, Watts & Volk, P.C., Burlington, VT.

---

[1] Judge Eric N. Vitaliano, United States District Court for the Eastern District of New York, sitting by designation.

[2] The Clerk of Court is directed to amend the caption as above.

Appearing for Appellees:      Bartholomew J. Gengler, Assistant Attorney General for the State of Vermont, Montpelier, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Ryan Lawyer appeals from the April 4, 2018, judgment of the United States District Court for the District of Vermont (Crawford, *C.J.*) granting Defendants-Appellees' motion for reconsideration and dismissing Lawyer's complaint alleging that he was improperly held on felony drug possession charges in its entirety. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Trooper Drew Cota arrested and detained Lawyer, who was intoxicated at the time, for impeding a public officer and disorderly conduct. After troopers left Lawyer in a holding cell unattended, Lawyer used his foot to dislodge an object that was hidden in the cell's sink, the object split open, and approximately 100 bags of heroin spilled onto the floor. He fell asleep with his shoes off and the bags of heroin still scattered on the floor. When Cota and fellow troopers Derek Rolandini and Ben Patnode returned to the cell and discovered the heroin, they held Lawyer on felony charges for possession of heroin. Lawyer claims that the affidavit of probable cause that Cota swore in order to detain Lawyer falsely stated that the cell was clean before Lawyer was detained there and that Lawyer had advised Rolandini that Lawyer had taken the heroin packages from his shoe.[3]

Lawyer subsequently brought an action alleging various claims related to his unlawful detention against Cota, Rolandini, and Patnode. The district court, then Judge J. Garvan Murtha presiding, dismissed all of Lawyer's claims against Rolandini and Patnode but allowed some of Lawyer's claims to proceed against Cota because it was Cota's "fabricated and false statements in the affidavit of probable cause" that led to Lawyer's unlawful seizure and detention. *Lawyer v. Cota*, No. 1:16-cv-62-jgm, 2017 WL 2572372, at *5 (D. Vt. June 14, 2017). Thereafter, Defendants-Appellees moved for clarification and reconsideration of the district court's decision on qualified immunity. While the motion was pending, Judge Murtha took inactive status, and the case was reassigned to Chief Judge Geoffrey W. Crawford. Chief Judge Crawford granted Defendants-Appellees' motion for reconsideration and held that all three troopers were entitled to qualified immunity. *Lawyer v. Cota*, No. 5:16-cv-62-gwc, 2018 WL 1635237, at *3 (D. Vt. Apr. 3, 2018).

Lawyer argues on appeal that Chief Judge Crawford lacked grounds to grant Defendants-Appellees' motion for reconsideration, violated the law of the case, and improperly granted Cota qualified immunity as a matter of law. We review a district court's decision to grant or deny a motion for reconsideration for abuse of discretion. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[W]e review a district court's application of the law of the case

---

[3] The charges against Lawyer were dropped two weeks after his arrest. App'x at 6, ¶ 28.

doctrine for abuse of discretion . . . ." *Devilla v. Schriver*, 245 F.3d 192, 198 (2d Cir. 2001). Finally, we review a district court's decision regarding qualified immunity on a motion to dismiss de novo and accept the facts in the complaint as true, drawing all reasonable inferences in Lawyer's favor. *Garcia v. Does*, 779 F.3d 84, 91 (2d Cir. 2015).

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257. Defendants-Appellees argued below that the district court was bound by Second Circuit precedent to apply the corrected affidavit doctrine and determine whether Cota's probable cause affidavit still supported a finding of probable cause when the false statements were removed from the affidavit.[4] But the district court did not apply the corrected affidavit doctrine in adjudicating Defendants-Appellees' motion to dismiss. *See Lawyer*, 2017 WL 2572372, at \*5. The district court therefore overlooked controlling precedent, giving Chief Judge Crawford grounds to grant the motion for reconsideration. *See Shrader*, 70 F.3d at 257.

Lawyer's claim that the district court failed to apply the law of the case stumbles at the gate. A motion for reconsideration under Federal Rule of Civil Procedure 60(b) necessarily asks a district court to reconsider the law of the case. While a motion for reconsideration is pending, the law of case is therefore in flux because Rule 60(b) expressly permits the court to "relieve a party . . . from a final judgment." Because the district court properly granted the motion for reconsideration, it properly reconsidered the law of the case.

Lastly, we affirm the district court's conclusion on reconsideration that Cota is entitled to qualified immunity. Cota, Rolandini, and Patnode are entitled to qualified immunity if they acted with probable cause in detaining Lawyer on felony drug possession charges. *See Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994). While an officer making an arrest pursuant to a warrant is presumed to be entitled to qualified immunity, *Martinez v. City of Schenectady*, 115 F.3d 111, 115 (2d Cir. 1997), "[w]here an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause, the shield of qualified immunity is lost," *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991). If an officer knowingly or recklessly makes a false statement in an affidavit of probable cause and the false statement "was necessary to the finding of probable cause," the officer is not entitled to qualified immunity. *Martinez*, 115 F.3d at 115 (internal quotation marks omitted). We determine whether the false information was "necessary" to the probable cause finding by "consider[ing] a hypothetical corrected affidavit, produced by deleting any alleged misstatements from the original warrant affidavit and adding to it any relevant omitted information." *Ganek v. Leibowitz*, 874 F.3d 73, 82 (2d Cir. 2017). After these alterations, if the corrected affidavit still supports a finding of arguable probable cause, then the officer is entitled to qualified immunity. *Id.*

Striking Cota's alleged misstatements that Lawyer's cell was clean prior to Lawyer being detained in the cell and that Lawyer told Rolandini that he took the heroin from his shoe, the officers still had probable cause to arrest Lawyer. The corrected probable cause affidavit avers that after handcuffing Lawyer to a wall in a holding cell, officers returned to the cell to find Lawyer asleep with heroin packages strewn across the holding cell. On these facts, it was

---

[4] Lawyer filed a sur-reply in opposition to the motion to dismiss, permitting him to respond to Defendants-Appellees' arguments.

reasonable for Defendants-Appellees to infer that Lawyer, the occupant of the cell, was the source of the drugs. Accordingly, Lawyer "has suffered no violation of Fourth Amendment rights," and Defendants-Appellees are "entitled to qualified immunity and dismissal." *Id.*

We have considered the remainder of Lawyer's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk