**Mark A. CRISS, Plaintiff–Appellant,**

v.

**The CITY OF KENT, et al.; Rick Haury, Officer, Kent City Police Department, Defendants–Appellees.**

No. 88–3314.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 6, 1988.

Decided Dec. 28, 1988.

L. James Martin, Stow, Ohio, for plaintiff-appellant.

Mark B. Marein, Leo R. Ward & Associates, Cleveland, Ohio, for defendants-appellees.

Before KEITH, KENNEDY and MILBURN, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiff-appellant, Mark A. Criss, appeals from the decision of the District Court granting summary judgment for the defendants, The City of Kent, Ohio and Officer Rick Haury, in plaintiff's section 1983 suit and remanding plaintiff's pendent state law claims. Plaintiff asserts that the District Court erred, first, by restricting plaintiff's discovery pending resolution of the threshold immunity issue; second, by concluding that no material factual dispute concerning probable cause precludes summary judgment; and third, by failing to find further investigation to be a necessary element of probable cause. Because none of plaintiff's arguments are persuasive, we affirm the judgment of the District Court in all respects.

On January 22, 1987, while on routine patrol, Officer Rick Haury of the Kent Police Department observed through an open apartment window a City of Kent street sign located on a wall inside an apartment which later turned out to be occupied by plaintiff and his roommate. After securing a search warrant Patrolman Haury, accompanied by two other officers, returned to execute the warrant. Because no one was home at the time, the officers gained entry to the apartment with the assistance of a maintenance man.

Upon entry, the officers observed two City of Kent street signs on a wall in the living room of the apartment. Shortly after the officers began their search plaintiff entered and identified himself as a tenant of the apartment. One of the officers explained the purpose of their visit. The parties' versions of the facts differ at this point. One of the officers submitted an affidavit stating that the plaintiff then admitted he knew the signs were city property but that his roommate had taken them. Joint Appendix (hereinafter "JA") at 72. On the other hand plaintiff, via affidavit, has stated that he never knew the signs were stolen. JA at 18. The plaintiff, however, admits to telling Officer Haury, at

the station, that "my roommate told me that his old roommates got drunk downtown at a bar and ripped [the signs] down."

The officers arrested plaintiff for the offense of receiving stolen property. *See* Ohio Rev.Code Ann. § 2913.51(A) (Anderson 1987). The officers then took plaintiff to the City of Kent police station where he was charged with the misdemeanor version of the receipt of stolen property offense. *See id.*, at § 2913.51(B). Plaintiff secured his release approximately one hour later. The prosecutor later dismissed with prejudice the charge against plaintiff.

Plaintiff subsequently filed an action in the state court which defendants removed to the United States District Court for the Northern District of Ohio. In an unreported opinion, the District Court granted summary judgment for the defendants on all federal claims. The District Court found that the sole factual dispute (whether plaintiff had admitted he knew the signs were stolen) was immaterial to the determinative issue of whether probable cause existed for the arrest. The court concluded as a matter of law that defendants were entitled to judgment.

The standard of review on appeal from the grant of a motion for summary judgment is the same as that utilized by the District Court—whether examining the evidence and all reasonable inferences therefrom in a light most favorable to the party opposing the motion, a genuine issue of material fact existed in the record below. *Hand v. Central Transport, Inc.*, 779 F.2d 8, 10 (6th Cir.1985). No issue is presented for trial and judgment should accordingly be entered in favor of the moving party as a matter of law, unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The threshold inquiry performed by the district court after ruling on a motion for summary judgment is whether there should be a trial: "[W]hether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may rea-

sonably be resolved in favor of either party." *Id.*, 477 U.S. at 250, 106 S.Ct. at 2511.

### A. Propriety of Protective Order

■ "[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.), *cert. denied*, 454 U.S. 893, 102 S.Ct. 388, 70 L.Ed.2d 207 (1981). An appellate court will not reverse a trial court's ruling denying discovery unless its action was clearly an abuse of discretion. *Id.* Plaintiff argues that the District Court abused its discretion when, pending resolution of the defendants' motion for summary judgment, it refused plaintiff's request to depose the Kent Police Chief and Officer Haury. This action, claims plaintiff, prevented him from properly responding to the motion and precluded his acquisition of facts relevant to the issue of probable cause and qualified immunity. We disagree.

The Supreme Court has clearly stated that discovery in litigation against government officials should be halted until the threshold question of immunity is resolved. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The desire to preclude excessive discovery against the government and resolve "insubstantial" claims on summary judgment also extends to issues that would be dispositive of the qualified immunity issue. *See Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987).

■ The probable cause issue to be resolved by the District Court on the summary judgment motion in this case disposed of the qualified immunity question. If the investigating officers had probable cause to arrest plaintiff, then no constitutional violation occurred and the court would never reach the qualified immunity question. The District Court therefore furthered the policies underlying the qualified immunity doctrine by exercising its discretion and entering a protective order prohibiting further discovery.

After receiving plaintiff's response to defendants' motion for a protective order and before ruling thereon, the court granted plaintiff leave to further elaborate on his need for more discovery in order to respond adequately to defendants' motion for summary judgment. JA at 3 (docket entry # 15). Despite the court's request that plaintiff address the threshold issue of probable cause, plaintiff continued to argue the question of qualified immunity and demonstrated no need for further discovery on the probable cause issue. JA at 32. The majority of the materials and depositions sought by plaintiff (*e.g.*, the deposition of the police chief and copies of police department rules concerning probable cause) were irrelevant to the probable cause inquiry. Thus, the District Court was well-advised to deny further pointless discovery concerning these irrelevant matters. *See Westminster Investing Corp. v. G.C. Murphy Co.*, 434 F.2d 521, 526 (D.C. Cir.1970) (affirming district court's dismissal of action prior to completion of depositions because plaintiff could provide no set of facts in support of his claim).

Lastly, the District Court did not abuse its discretion by foreclosing plaintiff's attempt to depose arresting officer Haury because his actual motives or beliefs are irrelevant for purposes of the probable cause issue. *Scott v. United States*, 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed. 2d 168 (1978). Summary judgment is appropriate "whenever the plaintiff cannot prove, as a threshold matter, that a violation of his constitutional rights actually occurred.... no reason [exists] why discovery of defendants' 'knowledge' should not be deferred by the trial judge pending decision of any motion of defendants for summary judgment on grounds such as these." *Harlow*, 457 U.S. at 821, 102 S.Ct. at 2740 (Brennan, J., concurring).

### B.  Probable Cause to Arrest

■ "By virtue of its 'incorporation' into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." *Baker v. McCollan*, 443 U.S. 137, 142–43, 99 S.Ct. 2689, 2693–94, 61 L.Ed.2d 433 (1979). Thus, arrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law. *Michigan v. DeFillippo*, 443 U.S. 31, 36, 99 S.Ct. 2627, 2631, 61 L.Ed.2d 343 (1979). The Supreme Court has defined "probable cause" as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* at 37, 99 S.Ct. at 2632. *See also Gerstein v. Pugh*, 420 U.S. 103, 113–14, 95 S.Ct. 854, 862–63, 43 L.Ed.2d 54 (1975) ("a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime"). Probable cause requires only the probability of criminal activity not some type of "prima facie" showing. *Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983). If the circumstances, viewed objectively, support a finding of probable cause, the arresting officer's actual motives are irrelevant. *Scott v. United States*, 436 U.S. at 138, 98 S.Ct. at 1723. *See also Evans v. Detlefsen*, 857 F.2d 330, 334 (6th Cir.1988); *Donta v. Hooper*, 774 F.2d 716, 721 (6th Cir.1985). A valid arrest based upon then-existing probable cause is not vitiated if the suspect is later found innocent. *See United States v. Covelli*, 738 F.2d 847, 854 (7th Cir.), *cert. denied*, 469 U.S. 867, 105 S.Ct. 211, 83 L.Ed.2d 141 (1984). *See generally* 1 & 2 W. LaFave, *Search & Seizure* §§ 3.1–.7 (2d ed. 1987) (extensive discussion of probable cause). The question becomes, viewing the facts in a light most favorable to plaintiff, whether the arresting officers were justified in their belief that plaintiff had probably committed or was committing a crime.[1]

---

1. The quantum of proof required to establish probable cause is significantly lower than that required to establish guilt. *Draper v. United States*, 358 U.S. 307, 311–12, 79 S.Ct. 329, 331–

▉ We believe the officers had probable cause to arrest plaintiff. Several objective factors support the arresting officers' belief that plaintiff had received stolen property. First, the signs were either the property of the City of Kent or were remarkable replicas. Second, plaintiff acknowledged that he was a co-tenant of the apartment in which the signs were located. Third, regardless of whether the officers were aware of this fact, Ohio law is clear that a suspect can be in "constructive possession" of stolen property without having actual physical possession of the property if it is located within premises under the suspect's control and he was conscious of its presence. *See State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365–66, *cert. denied*, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130 (1982). Fourth, the prominent location of the signs in the apartment's living room, a common area, and the plaintiff's response to the officers' questions indicate that plaintiff was aware of the signs' presence and that he had "dominion and control" over them. Examining the above factors in light of "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act," *see Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), we hold that the arresting officers had a "reasonable ground," *i.e.*, probable cause, for their belief that plaintiff was committing the offense of receipt of stolen property.

### C. Duty to Investigate

▉ Plaintiff's final assignment of error is that the District Court failed to include a duty to investigate statements of the suspect as one aspect of the probable cause determination. Plaintiff in effect asserts that absent a reasonable investigation by the officers, plaintiff's innocent explanation of his association with the signs negated the officers' reasonable belief that an offense had been committed. A suspect's satisfactory explanation of suspicious behavior is certainly a factor which law enforcement officers are entitled to take into consideration in making the determination whether probable cause to arrest exists. *See 2 Search & Seizure* § 3.6(a), at 32. A policeman, however, is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause. *But see Filer v. Smith*, 96 Mich. 347, 355, 55 N.W. 999, 1002 (1893) ("[a]n officer is not warranted in relying upon circumstances deemed by him suspicious, when the means are at hand of either verifying or dissipating those suspicions without risk"). As the Supreme Court held in *Baker v. McCollan*, 443 U.S. 137, 145–46, 99 S.Ct. 2689, 2694–96, 61 L.Ed.2d 433 (1979):

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released.
>
> . . . .
>
> Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent.

To hold otherwise would be to allow every suspect, guilty or innocent, to avoid arrest simply by claiming "it wasn't me." And if the arresting officer failed to investigate such claims prior to arrest, the arrestee could bring a section 1983 suit. In light of *McCollan* and on the merits, we find that no such duty to investigate can nor should be created. The District Court did not err in rejecting plaintiff's argument.

33, 3 L.Ed.2d 327 (1959). The issue in this case is *not* whether sufficient evidence exists to support a conviction for receipt of stolen property but simply whether the City of Kent police officers, at the time they arrested the plaintiff, had probable cause to believe that plaintiff had violated the Ohio statute. *See Detlefsen*, at 335.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the District Court in all respects.