Laurence ARMOUR, Plaintiff–Appellant,

v.

CITY OF MEMPHIS; V.E. Amerson, Officer, Defendants–Appellees.

No. 99–5840.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; GAUGHAN, District Judge.[*]

Laurence Armour, a Tennessee resident proceeding pro se, appeals a district court order denying his motion for an extension of time. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking five million dollars in damages, Armour sued the City of Memphis and Officer V.E. Amerson. Armour alleged that Amerson used excessive force against him in one incident and arrested him for no reason in another. The district court granted the City of Memphis's motion to dismiss under Fed.R.Civ.P. 12(b)(6) on April 26, 1999, and granted Amerson summary judgment on May 7, 1999. *See* Fed. R.Civ.P. 56(c). The court concluded that Armour's excessive force claim was untimely, and that Amerson was entitled to qualified immunity on Armour's false arrest claim because Amerson had probable cause to believe that Armour was violating a protective order. Apparently unaware of the district court's summary judgment ruling, Armour filed a "Motion for an Extension of Time to Prove That There Was No Violation of Any Protective Order" on May 7. The district court denied the motion in an order entered May 20, 1999. It is from that order that Armour appeals.

On appeal, Armour argues that: (1) there was a genuine issue of material fact as to whether Armour was in violation of a protective order; and (2) his excessive force claim was timely because the Federal Rules of Civil Procedure govern the computation of the time to commence a lawsuit.

■ Initially, we note that the only issue in this appeal is the propriety of the district court's May 20, 1999, decision to deny Armour's motion for extension of time. Armour chose to designate that order in his notice of appeal, so only that issue may be raised on appeal. *See* Fed. R.App. P. 3(c)(1)(B); *United States v. Universal Mgmt. Servs.,* 191 F.3d 750, 756–57 (6th Cir.1999), *cert. denied,* 530 U.S. 1274, 120 S.Ct. 2740, 147 L.Ed.2d 1005 (2000). The defendants argue that the appeal should be dismissed because Armour did not timely appeal the judgment dismissing his case. Although Armour did not appeal that judgment, the May 20 order is properly before the court.

■ We construe Armour's motion for an extension of time as a request for additional discovery, and review the district court's decision for an abuse of discretion. *See Sierra Club v. Slater,* 120 F.3d 623, 638 (6th Cir.1997).

■ Upon review, we conclude that the district court did not abuse its discretion when the court denied Armour's motion for an extension of time. In this case, the critical issue was whether Officer Amerson had probable cause to arrest Armour and was thus entitled to qualified immunity. *See, e.g., Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991); *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The district court concluded that Amerson had probable cause to arrest Armour be-

[*] The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

cause Armour violated a protective order which restrained Armour from any contact with his wife. Amerson swore in an affidavit that he encountered Armour twice on the day of the arrest. The first time, Amerson and another officer were dispatched to Armour's wife's home in response to Armour's claim that his son had stolen his car, and Amerson saw Armour on the porch of the home. The second time, the officers were dispatched to a different location in response to a report of a disturbance. The officers found Armour and his wife in a dispute over the same vehicle. Armour's wife showed the other officer the protective order, and the officer placed Armour under arrest for criminal trespass. In his response to the motion for summary judgment, Armour did not deny going to his wife's house or confronting her later, but argued that the prosecutor's decision not to prosecute was proof that Amerson lacked probable cause to arrest him. In his motion for extension of time, Armour stated that he was trying to obtain a transcript of a police dispatch call showing that he had requested a police escort to visit his wife's home.

The information Armour sought would not have disclosed any material facts. *See Sierra Club,* 120 F.3d at 638. By confronting his wife at her home and another location, Armour violated the protective order and committed criminal trespass. Whether or not Armour initiated the call that caused the police to go to his wife's home, his presence there violated the order requiring that he have no contact with his wife for any reason. Amerson's actual motives for arresting Armour are irrelevant because, viewed objectively, the undisputed facts support a finding of probable cause for Armour's arrest. *See Criss v. City of Kent,* 867 F.2d 259, 262 (6th Cir.1988). Since the dispatch tape would not have affected the merits of the case, the district court did not abuse its discre-

tion when the court denied Armour's motion for an extension of time.

Armour's argument that his excessive force claim was timely is without merit. As explained above, Armour did not appeal the order dismissing that claim.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.