Willie J. GLENN, III, Plaintiff–Appellant,

v.

Pam WALKER; Paul Ash; Detroit Police Department, Defendants–Appellees.

No. 02–1947.

United States Court of Appeals, Sixth Circuit.

May 9, 2003.

Before KRUPANSKY, SILER, and GILMAN, Circuit Judges.

## ORDER

Willie J. Glenn, III, proceeding pro se, appeals a district court judgment dismissing his consolidated civil rights complaints construed to be filed pursuant to 42 U.S.C. § 1983 and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Glenn sued the City of Detroit Police Department and two police officers (Walker and Ash) in both their individual and offi-cial capacities. Glenn claimed that the defendants: 1) violated his Fourth Amendment rights; 2) violated his Fourteenth Amendment rights; 3) falsely arrested him; and 4) caused the loss of his business. The parties filed cross-motions for summary judgment. Upon review, the district court concluded that Glenn could not maintain a suit against Walker and Ash in their official capacities, that the Police Department and the City of Detroit were not amenable to suit, and that Glenn was not entitled to relief against Walker and Ash in their individual capacities. The district court also declined to exercise supplemental jurisdiction over Glenn's state law claims. Hence, the court granted judgment to the defendants. However, it did not specifically address Glenn's motion for summary judgment.

Glenn has filed a timely appeal, essentially reasserting his claims. He also argues that the district court erred when it declined to grant his motion for additional discovery and his motions to amend his original complaint.

■ Upon review, we conclude that the district court properly dismissed Glenn's Fourth and Fourteenth Amendment claims against the City of Detroit Police Department, the City of Detroit, and the police officers in their official capacities. See Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999). The Police Department is not amenable to suit because "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." Haverstick Enters. v. Fin. Fed. Credit, 32 F.3d 989, 992 n. 1 (6th Cir.1994). Moreover, Glenn did not state a claim against the City of Detroit because Glenn did not sufficiently allege a direct causal link between a municipal policy or custom and the alleged violation of his constitutional rights. See Stemler v. City of Flor-

*ence,* 126 F.3d 856, 865 (6th Cir.1997). Likewise, Glenn did not state a claim against Walker and Ash, to the extent that they are sued for monetary damages in their official capacities, because such a claim is treated as a suit against the city itself. *See Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985).

We also conclude that the district court properly granted summary judgment to Walker and Ash on Glenn's Fourth Amendment claim, in their individual capacities, because they are entitled to qualified immunity. *See Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000). Walker's and Ash's decision to obtain an arrest warrant for Glenn was based on probable cause and did not violate Glenn's clearly established statutory or constitutional rights of which a reasonable person would have known. *Sova v. City of Mt. Pleasant,* 142 F.3d 898, 902 (6th Cir.1998). An arrest based on probable cause will completely insulate the officer from § 1983 liability for the arrest of an innocent person. *Hunter v. Bryant,* 502 U.S. 224, 227–29, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

■ Here, Walker conducted a six-week investigation of the shooting, and reported that Glenn admitted that he had shot the victim. The Investigator's Report (Report) provides a list of ten witnesses and the information that each witness provided to Officer Walker. The Report notes that three eyewitnesses, besides the victim, identified Glenn as the shooter. Under the probable cause standard, this court has consistently upheld arrests that were predicated upon witness identifications. *See, e.g., Ahlers v. Schebil,* 188 F.3d 365, 370 (6th Cir.1999). In addition, both defendants averred that they did not withhold information or tamper with information presented to the prosecutor's office. Based on the totality of the circumstances, including the eyewitness statements, the defendants had a sufficient basis to meet the probable cause standard.

In the face of this evidence, Glenn did not meet his burden to present significant probative evidence in support of his complaint in order to defeat the defendants' well-supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Amer. Acad. of Ophthalmology, Inc. v. Sullivan,* 998 F.2d 377, 382 (6th Cir.1993). Glenn did not present anything that would undermine the district court's determination that the defendants had sufficient evidence to suspect that Glenn had engaged in criminal conduct. Contrary to Glenn's argument, law enforcement "is under no obligation to give any credence to a suspect's story [or alibi] nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." *Criss v. City of Kent,* 867 F.2d 259, 263 (6th Cir.1988).

■ The district court also properly granted summary judgment to Walker and Ash on Glenn's Fourteenth Amendment claim. *See Lucas,* 203 F.3d at 971. First, for the reasons stated above, the record clearly reflects that Walker and Ash had probable cause to seek an arrest warrant for Glenn. Second, while neither Walker nor Ash actually confiscated Glenn's weapon, the weapon was reasonably confiscated because it had been used in a shooting that was being investigated. Finally, Glenn is not entitled to relief on his equal protection claim because he did not present anything to indicate that Walker and Ash treated him improperly based on his membership in any protected class. *See, e.g., Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir.1990).

Glenn has not established that the district court abused its discretion concerning

his discovery request. *See Bill Call Ford, Inc. v. Ford Motor Co.,* 48 F.3d 201, 209 (6th Cir.1995). Glenn did not identify the information that he sought to discover, or how it would have been relevant to the proceedings.

For these same reasons, the district court did not abuse its discretion when it implicitly denied Glenn's cross-motion for summary judgment. *See Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir.1994).

Finally, the district court properly declined to exercise its supplemental jurisdiction over Glenn's state law claims against the defendants once it dismissed his federal claims. *See Hankins v. The Gap, Inc.,* 84 F.3d 797, 802–03 (6th Cir.1996).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.