Jessie EVERETT, (as the next friend
of John Fuller, minor child),
Plaintiff–Appellant,

v.

CITY OF DAYTON, et al.,
Defendants–Appellees.

No. 02–4288.

United States Court of Appeals,
Sixth Circuit.

June 12, 2003.

Before BATCHELDER and CLAY,
Circuit Judges; and SCHWARZER,
District Judge.*

## ORDER

Jessie Everett, as next friend of minor
child, John Fuller, proceeding pro se, ap-
peals a district court judgment dismissing
her civil rights action filed pursuant to 42
U.S.C. § 1983 and Ohio law. This case
has been referred to a panel of the court
pursuant to Rule 34(j)(1), Rules of the
Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

On August 9, 1999, Everett filed a com-
plaint, through counsel, against the City of
Dayton, Ohio, Dayton Police Department
("DPD") Chief Ronald Lowe, Sr., DPD
Sergeant Thomas Pettersen, and DPD Of-
ficers Scott Kingery, Darrell Herron, and
Jimmy Howard. Everett alleged that on
August 8, 1998, Fuller, who was twelve
years old at the time, was "stopped" by
Pettersen, Kingery, Herron, and Howard
(the "officers") at 11:30 p.m. Everett al-
leged that Pettersen exited his cruiser,

---

* The Honorable William W. Schwarzer, United
States District Judge for the Northern District
of California, sitting by designation.

"drew his service revolver," and pointed it at Fuller. According to Everett, Fuller was "forced to lie in the street and spread his arms and legs" while Pettersen "place [*sic*] his knee in [Fuller's] back." Fuller was also handcuffed and placed in the back of a police cruiser. After questioning, Fuller was released. He was not formally arrested. As a result of the incident, Everett alleged that Fuller "suffered physical and emotional harm."

Relying upon the Fourth and Fourteenth Amendments, Everett contended that the officers unlawfully seized Fuller and effectively arrested him without probable cause. Everett also contended that the officers used excessive force during the encounter with Fuller. In addition, Everett alleged that Lowe failed to properly train his officers in "the proper use of force" and that the City of Dayton operated pursuant to an unconstitutional policy or custom that "resulted in the injury suffered by [Fuller]." Finally, Everett raised several claims under state law, including assault, battery, intentional infliction of emotional distress, and false arrest. Everett sought monetary relief.

The defendants filed a motion for summary judgment, to which Everett responded. The district court granted the defendants' motion and dismissed the case. Everett has filed a timely appeal and is now proceeding pro se. She requests oral argument in her reply brief.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Therefore, police officers must have probable cause in order to arrest an individual. *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir.2000). "Probable cause" denotes "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir.1988) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979)).

The Fourth Amendment's ban on unreasonable seizures prohibits the use of excessive force during an arrest or investigatory stop. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In determining whether a police officer's use of force was "reasonable" under the circumstances, the inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants because Everett failed to present evidence on which a jury could reasonably find in her favor. At a minimum, the officers had reasonable suspicion to question Fuller about a YMCA shooting and conduct a limited search for weapons. *See Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The officers received a dispatch reporting a shooting at the Dayton YMCA involving four individuals. Fuller matched the description of the

YMCA shooting suspect and was present in the area near the YMCA with two other individuals who fled when Pettersen approached. Even if the initial detention of Fuller rose to the level of a de facto arrest, such arrest was supported by probable cause because the officers had sufficient evidence to believe that Fuller may have committed a crime when, in addition to the information already in possession of the officers, a YMCA security guard arrived on the scene and positively identified Fuller as the shooter. *See Ahlers v. Schebil,* 188 F.3d 365, 370 (6th Cir.1999).

Furthermore, the evidence of record reflects that any use of force by the officers during the encounter with Fuller was objectively reasonable in light of the situation as it presented itself to the officers. When the officers approached Fuller, they believed he may have been armed and acted defensively for their own protection until Fuller could be restrained. Under these circumstances, there is simply no evidence that the officers did not act in an objectively reasonable manner.

Everett does not challenge the dismissal of her remaining claims alleging supervisory and municipal liability under § 1983 as well as state law claims for assault, battery, false arrest, and intentional infliction of emotional distress. Therefore, those claims have been waived and are not reviewable on appeal. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.