NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0173n.06

No. 12-3508

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Feb 14, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LATONYA MEAKENS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| MICHAEL BENZ, | ) | OHIO |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| | ) | |

BEFORE: MARTIN and ROGERS, Circuit Judges, and TARNOW, District Judge.[*]

ARTHUR J. TARNOW, District Judge.

## INTRODUCTION

Before the Court is Plaintiff LaTonya Meakens' appeal of the district court's grant of summary judgment in favor of Cleveland Police Detective Defendant Michael Benz. This grant of summary judgment was a final dismissal of Meakens' action for damages, in which Meakens claimed violations of her Fourth Amendment rights as well as state law claims of malicious prosecution and false arrest. The district court also found in favor of Detective Benz as to his defense of qualified immunity.

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

For the reasons stated below, we affirm the district court's grant of summary judgment as to all claims as well as to the issue of qualified immunity.

## PROCEDURAL BACKGROUND

On May 17, 2011, Plaintiff-Appellant LaTonya Meakens filed her Complaint in the Cuyahoga County Court of Common Pleas. Defendants removed the case to the United States District Court for the Northern District of Ohio on June 21, 2012.

Meakens' Complaint includes four claims: a federal claim of unreasonable search and seizure; a federal claim of malicious prosecution; an Ohio state claim of false arrest; and an Ohio state claim of malicious prosecution. Meakens has withdrawn the claim of federal malicious prosecution. Appellant Br. at 4.

Meakens' original Complaint brought suit against six defendants, five of whom have been dismissed from the case with prejudice. The remaining defendant, Detective Benz, filed a motion for summary judgment based upon a defense of qualified immunity on February 13, 2012. On April 24, 2012, the District Court granted this motion for summary judgment, finding that Benz was protected by qualified immunity, and did not violate Meaken's federal and state rights.

Meakens appeals the District Court's findings as to these violations as well as the qualified immunity defense.

## STATEMENT OF FACTS

Meakens married Duane Chisholm in April 2010. In September 2010, the two began living together in Meakens' Cleveland home, which she rented, and shared with Chisholm. Sometime

between January 12 and February 17, 2011, Meakens evicted Chisholm from this home.[1]  On February 16, 2011, Meakens filed for divorce from Chisholm.

On February 18, 2011, at 8:52 a.m., Chisholm called the Cleveland police.  During this emergency call, Chisholm stated that Meakens had used a gun to shoot at him from a car driven by Meakens' nephew.  Cleveland police officers Escano and Maliziewski responded to Chisholm's call. The officers took a statement from Chisholm regarding the alleged shooting. Officer Escano also wrote a report of the incident.

Benz was the police detective assigned to this case.  He and other detectives spoke with Chisholm and obtained a sworn statement on February 25, 2011.  Benz reviewed police records showing that Chisholm and Meakens had called the police regarding one another numerous times in the previous two months.  Benz also found that Meakens had filed domestic violence complaints against Chisholm.  Detective Benz spoke with officer Escano who stated that he heard what sounded like gunshots in the area prior to responding to Chisholm's emergency call.

On February 28, 2011, the case was presented to the prosecuting attorney, who determined that charges would be filed against Meakens and a warrant issued for her arrest.  Pursuant to that warrant, Meakens was arrested on March 1, 2011.

On March 2, 2011, Benz visited and interviewed Meakens at the city jail where she was held. During this interview, Meakens informed Benz that she had an alibi: Meakens alleged she was in Chicago visiting family at the time of the alleged shooting.  Meakens stated that she left Cleveland the night of February 17 and returned on February 21.  As supporting evidence of this alibi, Meakens gave Detective Benz a traffic warning ticket she received in Indiana and ATM or debit card receipts.

---

[1]This eviction was non-judicial and involved no legal action.

During the interview, Meakens also provided Benz with a copy of Chisholm's criminal record as well as her Illinois civil protective order against Chisholm, which she recorded in Ohio.

On March 3, 2011, Meakens was formally charged. On March 8, the grand jury indicted Meakens for attempted murder, felonious assault, domestic violence, improperly handling firearms in a motor vehicle, aggravated menacing, and menacing by stalking.

Detective Benz asserts that sometime after the indictment, he received a voice message from Chisholm stating that he was moving to North Carolina to stay with this sister. Benz relayed this message to the prosecutor. All charges against Meakens were dropped on March 14, 2011.

## DISCUSSION

### Standard of Review

This Court reviews the district court's grant of summary judgment de novo. *Johnson v. United States Postal Serv.*, 64 F.3d 233, 236 (6th Cir. 1995). The specific issue of qualified immunity is a question of law to also be reviewed de novo by this Court. *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000).

### Summary Judgment

A motion for summary judgment maybe granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must

present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

**Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231-232 (2009) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

In addressing a government official's qualified immunity claim, the Court first must decide whether the facts a plaintiff has alleged or shown make out a violation of a constitutional right. *Pearson*, 555 U.S. at 232. Second, the Court must consider whether the right at issue was clearly established at the time of defendant's alleged misconduct. *Id.* The Court may assess these two factors in the most efficient order and manner. *Id.* at 242.

When qualified immunity is applied in the execution of an arrest warrant, government agents are generally entitled to rely on a judicially secured warrant for immunity from liability for unconstitutional arrests. *Yancey v. Carroll County*, 876 F.2d 1238, 1243 (6th Cir. 1989) (*citing Malley v. Briggs*, 475 U.S. 335 (1986)); *see also Ellison v. Balinski*, 625 F.3d 953, 959 (6th Cir. 2010). Therefore, "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, will the shield of immunity be lost." *Malley*, 475 U.S. at 344-45.

The Fourth Amendment right protecting citizens from unreasonable arrest is clearly established law. Therefore, the issue of qualified immunity turns on the objective reasonableness of Benz's finding of probable cause for Meakens' arrest.

**Fourth Amendment Violation**

An arrest warrant is valid only if supported by probable cause. "A police officer has probable cause only when he discovers reasonably reliable information that the suspect has committed a crime...the officer must consider the totality of the circumstances, recognizing both the inculpatory and exculpatory evidence, before determining if he has probable cause to make an arrest." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).

Meakens first argues that Detective Benz did not have sufficient probable cause to support an arrest warrant because of Chisholm's lack of credibility. In assessing probable cause based upon witness accounts, this Court has held that:

> [a]n eyewitness identification will constitute sufficient probable cause unless, at the time of the arrest, there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation. This comports with the general notion that, since eyewitnesses' statements are based on firsthand observations, they are generally entitled to a presumption of reliability and veracity.

*Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (citations and internal quotation marks omitted) (finding sufficient probable cause where there was a credible witness and a possible opportunity for the crime to occur).

Benz argues that he rightly relied upon Chisholm's consistent testimony. Benz also notes that Meakens and Chisholm's history of domestic disputes could provide a "context in which one might expect that a violent act like the one alleged might occur." Appellee Br. at p. 22.

Secondly, Meakens argues that Detective Benz had no other evidence to corroborate Chisholm's accusations, noting that there was no physical evidence found at the alleged crime scene and no other witnesses. Meakens takes particular issue with Detective Benz' reliance on the gunshot sounds, arguing that Officer Escano and Benz's account of the number of gunshots heard do not correspond.

Next, Meakens argues that evidence of her alibi negates any other inculpatory evidence gathered by Benz. In considering a suspect's possible alibi in an assessment of probable cause, this Court has held that "[a] suspect's satisfactory explanation of suspicious behavior is certainly a factor which law enforcement officers are entitled to take into consideration in making the determination whether probable cause to arrest exists." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000) (*citing Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988)). At the same time, the Court has found that an officer is "under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation," if the initially discovered facts provide probable cause. *Criss*, 867 F.2d at 263; *see Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) ("[O]nce [the officers] established probable cause...they were under no duty to continue their investigation and discover the information which [the suspect] believes would have exculpated him."); *see also Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 308 (6th Cir. 2005) (holding that officers lacked probable cause for the warrantless arrest of suspect at the alleged crime scene).

Here, Meakens asserts that she provided Benz documents supporting her alibi at her first meeting with him, which occurred after her arrest. Benz argues that he did not find these documents to be persuasive. Detective Benz did not necessarily have a duty to discover Meakens' alibi or these

documents prior to her arrest, nor does this allegedly exculpatory evidence negate a previous finding of probable cause.[2]

Finally, Meakens argues that Detective Benz failed to provide all relevant exculpatory evidence to the prosecutor. Meakens argues that this failure was reckless, therefore falling outside the bounds of an officer's reasonable conduct. *See Sykes v. Anderson*, 624 F.3d 294, 305 (6th Cir. 2010). In opposition, Benz argues that he provided all available evidence to the prosecutor and made no false or misleading statements.

While Detective Benz could have conducted a more thorough investigation, *see Ahlers*, 188 F.3d at 372, Chisholm's statement along with the apparent conflict between Chisholm and Meakens could lead a reasonably competent officer to make a finding of probable cause. *See Malley*, 475 U.S. at 342.

Therefore, the Court finds that there was sufficient probable cause to justify Meakens' arrest, and that Meakens has failed to show that Benz was objectively unreasonable in making this arrest. Accordingly, we affirm the district court's finding of summary judgment in favor of Benz as to the Fourth Amendment claim as well as the application of qualified immunity.

**State Law Claims**

**1. Malicious Prosecution**

Under Ohio law, the elements of the tort of malicious criminal prosecution are "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the

---

[2]Benz also argues that the grand jury's indictment of Meakens is conclusive as to the finding of probable cause. While the indictment may be suggestive of probable cause, this Court has specifically held that "after-the-fact grand jury involvement cannot serve to validate a prior arrest." *Radvansky*, 395 F.3d at 307 n.13.

prosecution in the favor of the accused." *Thacker v. City of Columbus*, 328 F.3d 244, 260-261 (6th Cir. 2003) (citations and internal quotation marks omitted). While malice is an essential element, "the want of probable cause is the real gist of the action. Thus, if the lack of probable cause is demonstrated, the legal inference may be drawn that the proceedings were actuated by malice." *Id.* at 261 (citations omitted). "Ohio law defines probable cause in substantially the same way that it is defined under the Fourth Amendment." *Id.* Therefore, the Court has found that insofar as there was probable cause for the arrest of an individual, that individual's state law claim for malicious prosecution fails. *Id.*

Because Benz possessed sufficient probable cause to justify the application for and execution of a warrant for Meakens' arrest, Meakens' state claim of malicious prosecution fails.

## 2. False Arrest

Under Ohio law, a claim of false arrest claim requires "(1) a detention of the person, and (2) an unlawful detention." *Thacker*, 328 F.3d at 261 (citations omitted). The Ohio Court of Appeals has stated that "[t]he essence of the tort of false arrest is the depriving of a person of his or her liberty without lawful justification. Specifically, a plaintiff must show only that he or she was detained and that the detention was unlawful. The tort does not require proof of malice, motive or lack of probable cause." *Harvey v. Horn*, 514 N.E.2d 452, 454 (Ohio Ct. App. 1988). However, the existence of probable cause in the form of a valid arrest warrant is a defense to an officer's liability. *Eisnnicher v. Bob Evans Farms Restaurant*, 310 F. Supp. 2d 936, 957 n.3 (S.D. Ohio 2004).

Thus, a finding of probable cause shields Detective Benz from liability.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.