Durone Jamal SANDERS,
Plaintiff-Appellant,

v.

OAKLAND COUNTY, MICHIGAN; Michael J. Bouchard; Mark A. Ferguson, Defendants-Appellees.

No. 17-1467

United States Court of Appeals,
Sixth Circuit.

Filed November 30, 2017

Stephanie Lee Arndt, Fieger Law, Southfield, MI, for Plaintiff-Appellant

Steven M. Potter, Robert C. Clark, Rick J. Patterson, Potter, DeAgostino, Campbell & Anderson, Auburn Hills, MI, for Defendants-Appellees Oakland County, Michigan, Michael J. Bouchard

Roger A. Smith, Beth A. Andrews, Matta Blair, Bloomfield Hills, MI, for Defendant-Appellee Mark A. Ferguson

Before: GRIFFIN, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge.

Durone Sanders appeals the district court's grant of summary judgment to the defendants on his 42 U.S.C. § 1983 claims, arguing that the court improperly weighed the credibility of his testimony. We reject his arguments and affirm.

In 2012, Mark Ferguson, then an Oakland County Sheriff's deputy, was investigating a drug dealer known as Flip. Fer-

guson believed that Flip was actually Sanders. As part of the investigation, Ferguson and other officers searched Sanders twice. The first search happened after Ferguson directed an informant to buy cocaine from Flip in Sanders's apartment (a "controlled buy"). The informant then told Ferguson that he and Flip would be driving to Detroit to buy more drugs. Two days later, Ferguson and other officers stopped the informant's van while he was returning with Sanders from Detroit. Officers searched the van and found eight grams of marijuana on another passenger, whom they arrested.

The second search happened after another informant made a controlled buy of heroin in Sanders's apartment. Ferguson then obtained a search warrant for the apartment, where officers found $334 in cash and 1.4 grams of marijuana.

The informant later made a controlled buy of cocaine in Sanders's car and another, of heroin, at the back door of Sanders's apartment. Ferguson then obtained an arrest warrant for Sanders. The next day, the informant called Flip to set up another buy. The buy never happened, but after watching Sanders drive around for about an hour officers arrested him and found marijuana in his sock.

Oakland County prosecutors charged Sanders with felony distribution of cocaine and heroin, and misdemeanor possession of marijuana. While Sanders was awaiting trial, the Oakland County Sheriff's Department fired Ferguson for lying on a search-warrant affidavit in an unrelated case. As a result, prosecutors dropped the charges against Sanders and in other cases where Ferguson would have testified.

Sanders thereafter brought a 42 U.S.C. § 1983 suit against Ferguson, Oakland County, and the Oakland County Sheriff, Michael Bouchard, claiming that Ferguson violated his Fourth and Fifth Amendment rights during the Flip investigation and that Oakland County and Bouchard were liable for Ferguson's actions. The defendants moved for summary judgment, arguing that Sanders lacked evidence that Ferguson violated his constitutional rights. The district court granted the defendants' motion. This appeal followed.

We review the district court's grant of summary judgment de novo. *See Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017).

Sanders first argues that Ferguson lacked reasonable suspicion to stop the van in which Sanders was returning from Detroit. Ferguson had reasonable suspicion for the stop if he was aware of "specific and articulable facts" that suggested people in the van were engaging in criminal activity. *United States v. Young*, 707 F.3d 598, 603 (6th Cir. 2012). Here, the informant told Ferguson that he and Flip would be driving to Detroit that day to buy drugs. Sanders offers no evidence that this conversation did not happen, and Ferguson tracked the van's location on its way to Detroit. Thus Ferguson had reasonable suspicion for the stop.

Sanders next argues that Ferguson lacked probable cause for the warrant to search Sanders's apartment and for Sanders's arrest warrant. Ferguson had probable cause if he had enough facts to establish a fair probability that officers would find drugs at Sanders's home (for the search warrant) and that Sanders had engaged in criminal conduct (for the arrest warrant). *See United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2016); *Criss v. City of Kent*, 867 F.2d 259, 262-63 (6th Cir. 1988). Here, Ferguson put all of the drugs that the informants bought from Flip in the Sheriff's Department's evidence room. Ferguson also prepared reports for each of those controlled buys in which he marked the location of the buys as 18 Jefferson,

which Sanders admits was where he lived at that time. And three other witnesses—the two informants and another officer involved in the investigation—testified that the buys occurred as described in the reports. In light of this evidence, Ferguson had probable cause for both of the warrants.

Sanders contends, however, that he did not deal drugs in 2012 and does not go by the name Flip. But that contention has nothing to do with whether Ferguson had probable cause at the time he obtained the warrants. Sanders offers no evidence that the controlled buys did not happen as described or that Ferguson should have known that Sanders was not Flip. And that Ferguson lied on the affidavit for an unrelated search warrant does not show that he lied on the affidavits for Sanders's warrants. Sanders has therefore failed to provide enough evidence for a reasonable jury to conclude that Ferguson violated his constitutional rights.

The district court's judgment is affirmed.